UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 5:20-CR-0074-H-BQ-1 |
| | § | |
| | § | |
| | § | |
| ROBERT PATRICK MARSHALL | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## ON MOTION TO HOLD DEFENDANT IN CONTEMPT

Pending before the Court is the Government's Motion to Hold Defendant in Contempt (Motion), filed February 15, 2022. ECF No. 65. On February 15, 2022, United States District Judge James Wesley Hendrix referred this matter to the undersigned United States Magistrate Judge "to conduct a hearing and to issue a report and recommendation." ECF No. 67. The Court directed Defendant to file a response to the Motion (ECF No. 68), and Defendant filed his Response to Government's Motion to Hold Defendant in Contempt (Response) on February 22, 2022. ECF No. 70. The undersigned then set the matter for hearing on February 28, 2022 (ECF No. 71), where both Defendant and the Government appeared, with counsel. ECF No. 72.

After considering the parties' filings, proffers, exhibits, argument, and applicable law, the undersigned: (1) found the Government had established by clear and convincing evidence Defendant violated this Court's previous orders; and (2) advised the parties he would recommend that the district judge impose civil sanctions. *Id.* To assist the Court in evaluating the availability and scope of one potential sanction, the undersigned further directed the Government to file a supplemental brief concerning how the facility housing Defendant handles incoming mail, and subsequently ordered Defendant to file a response.

ECF Nos. 72, 75. The parties timely complied. ECF Nos. 74, 77. This matter is now ripe for the Court's review.

## I. Background

On August 12, 2020, the grand jury returned a four count Superseding Indictment charging Defendant with Production of Child Pornography, Enticement of a Minor, Receipt of Child Pornography, and Transfer of Obscene Material to a Minor, all in violation of 18 U.S.C. §§ 2251(a)(1), 2422(b), 2252(a)(2) and (b), and 1470. ECF No. 19. Previously, at Defendant's arraignment and detention hearing, the Court directed Defendant to have no contact with the alleged minor victim or her family. *See* ECF No. 13.

On October 7, 2020, the Government filed a Notice of Violation of Court Order (Notice) alleging that Defendant had been violating the Court's order to have no contact with the minor in this case. *See* ECF No. 31. The Notice alleged that Defendant, through his brother, was communicating with the minor via Snapchat messages. *Id.* at 2; Ex. 1, ECF No. 31-1 (89 pages of messages). After discovering these exchanges, authorities reviewed Defendant's recorded phone calls from the Terry County Detention Center and found at least one phone call where he discussed with his brother messages sent from the minor and Defendant's response(s) to those messages. ECF No. 31, at 2.

Because of issues related to Defendant's representation and the ultimate substitution of new counsel, the Court could not immediately address the Government's filing. On November 23, 2020, the undersigned ordered the Government to file a pleading informing the Court: (1) whether the alleged violations continued beyond the date of the original notice; (2) the date(s) and substance of such communication(s), if any; and (3) what relief or remedy the Government sought as a result. ECF No. 43.

2

The Government filed a second Notice of Court Order Violation and Requested Remedy on December 1, 2020. ECF No. 44. In addition to the violations claimed in its original filing (ECF No. 31), the Government alleged Defendant also sent the minor a "follow request" on Instagram four days prior to filing its second Notice. ECF No. 44, at 2; Ex. 1, ECF No. 44-1. The Government asked the Court to give Defendant a verbal order to cease contact and put him on notice that he could be held in contempt for continued violations of the order. ECF No. 44, at 3.

This Court conducted a hearing on December 9, 2020, with Defendant, his attorney, and counsel for the Government present. Defendant, in his verbal responses to the Court and through counsel, admitted contacting the victim via a family member, in contravention of this Court's previous order. ECF No. 47. Counsel for Defendant further agreed at the hearing that the relief sought by the Government was appropriate and not opposed. *Id.* As a result, the Court issued an order reaffirming its previous order that Defendant "have no contact with the minor victim and her family" and put Defendant and members of his family on notice that a violation of that order could result in a civil or criminal contempt proceeding. *Id.* at 2, 3.

Following these developments, Defendant underwent a mental competency evaluation, and did not return to the Lubbock County Detention Center (LCDC) until November 4, 2021. *See* Mot. 3, ECF No. 65. Upon his return, the Government alleges he resumed communication with the minor in this case and, as a result, the Government asks the Court to (1) hold Defendant in civil contempt and (2) terminate his ability to communicate with anyone (other than counsel) by the SmartJailMail System Tablet (either for video visits or text messaging), telephone, and written letter. *Id.* at 5. In his Response,

Defendant "concedes that he sent the messages [email/texts] in the exhibits" attached to the Government's motion. Resp. 2, ECF No. 70. Defendant further admits that "the court has the power to impose the sanctions requested," but asks that the Court not cut off Defendant from his emotional support team, including family members, fellow church members, "and other persons with whom he has close relationships." *Id.* Defendant alternatively suggests that the Court allow him to "retain the ability to have in person visits from persons other than the minor or her family, that he be prohibited from using the App in question or any internet, and that any mail he sends (other than mail to his attorney) be subject to monitoring, and any questionable items confiscated." *Id.* at 2–3.

Defendant's trial is scheduled to begin at 9:00 a.m. April 4, 2022, at the United States Courthouse, Lubbock, Texas. ECF No. 64.

## II. Analysis

### A. The Evidence

The evidence before the Court is not disputed by Defendant. As it relates to the Government's current Motion, through his Response as well as counsel's answers to the Court's queries at the hearing, Defendant admits he contacted the alleged minor victim in this case multiple times, by email/text messages (using a SmartJailMail System Tablet provided by LCDC) and telephone, beginning in November 2021 and continuing through February 2022. Government Exhibits 1, 2, and 3, attached to the Motion and admitted in evidence at the hearing, show numerous communications between Defendant and the minor during that period. Specifically, the exhibits verify nineteen (19) email or text contacts and twelve (12) actual or attempted phone calls. The electronic messages include the following content: (1) Defendant stating that he will "text as often as [he] can"; (2) requests by Defendant that

the minor send him money and "pics and stuff"; (3) Defendant stating "I love you"; and (4) the minor expressing her desire to just be friends. *See, e.g.*, ECF No. 66-1, at 2, 6, 8, 9, 10. In one phone call reviewed by the Court, Defendant discusses with the minor facts related to the case, including their "relationship," his feelings for her, and their possible future together. The communications are in addition to those occurring in the latter part of October 2020, where Defendant exchanged 89 pages of electronic messages via Snapchat with the minor through his brother. *See* ECF No. 31, at 2.

In sum, the record before the Court, including Defendant's admissions at two separate hearings, demonstrates the following:

> (1) On two occasions prior to the most recent hearing, both orally and in writing, the Court ordered Defendant to have no contact with the alleged minor victim in this case, with the second admonishment also containing a contempt warning;
> (2) Defendant concedes he contacted the minor in 2020, 2021, and 2022 via third parties and directly by electronic messages and telephone; and
> (3) Such communications violate this Court's previous orders.

It is within this factual context the undersigned recommends that the Court find Defendant in civil contempt and impose sanctions sufficient to obtain Defendant's compliance with this Court's orders.

### B. The Law

"A court may enforce compliance with any valid order . . . through civil contempt." *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2019 WL 277621, at *2 (N.D. Tex. Jan. 22, 2019); *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (recognizing that, in addition to disruption of court proceedings, underlying concern giving rise to contempt power is disobedience to court orders); *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–

04 (1947)) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt."). "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). The respondent's conduct need not be willful as long as the evidence demonstrates he actually failed to comply with the court's order. *Id.*

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines*, 228 F.3d at 585); *see Ingalls v. Thompon (In re Bradley)*, 588 F.3d 254, 265 (5th Cir. 2009) (describing civil contempt in broad terms, noting that it encompasses "sanctions that prevent experimentation with disobedience of the law" (internal quotation marks and citation omitted)). A court may employ judicial sanctions in civil contempt proceedings to, inter alia, "coerce the defendant into compliance with the court's order . . . ." *Am. Airlines*, 228 F.3d at 585 (quoting *United Mine Workers*, 330 U.S. at 303–04); *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 888910, at *13 (N.D. Tex. Feb. 13, 2018) ("When a contempt sanction is coercive, the district court has broad discretion to design a remedy that will bring about compliance.") (internal quotation marks and citation omitted)).

*C. Findings and Recommendation*

The current record establishes by clear and convincing evidence[1] that at least two previous orders by the Court remain in effect that prohibit any contact or communication by Defendant with the minor in this case. Moreover, the record is replete with multiple instances of Defendant violating the Court's orders through numerous written and verbal communications with the minor, both directly and indirectly through a third party. A more brazen and contumacious pattern of conduct is difficult to imagine. This is not a situation where an individual received a written court order, possibly misunderstood or overlooked certain provisions, and then acted in contravention of the order. This is a case where Defendant was ordered by the Court, *both in person and in writing*, to avoid certain conduct. Upon failing to comply, *he was warned a second time, again personally (while standing in federal court) and in writing*, to have no contact with the minor in this case. Defendant, apparently believing he could act with impunity, simply chose to ignore the Court's previous orders and continue his contemptuous pattern of conduct.

Defendant's behavior requires the most severe sanctions authorized, for the purpose of coercing his compliance with the Court's orders and preventing his further "experimentation with disobedience of the law." *In re Bradley*, 588 F.3d at 265. Given the number of violations occurring over an extended period, Defendant's efforts to hide his conduct through the use of third parties (including family members), and the means of communication utilized (e.g., internet apps, SmartJailMail System Tablet, and telephone), the undersigned recommends that the Court exercise its "broad discretion in assessing

---

[1] Clear and convincing evidence is "that weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citation omitted).

sanctions to protect the sanctity of its decrees and the legal process" (*Test Masters*, 428 F.3d at 582) and assess the following sanctions, subject to the noted exceptions:

1. Bar Defendant from all access to the internet and SmartJailMail System Tablet;
2. Bar Defendant from making or receiving any phone calls;
3. Bar Defendant from sending or receiving any written mail; and
4. Bar all in-person visits.

**These sanctions would not apply to or bar any communication with Defendant's attorney or clergy.** Moreover, the undersigned recommends the following limitations to the restrictions.

As acknowledged in his Response, Defendant "concedes that the court has the power to impose" the Government's requested sanctions (Resp. 2), i.e., in essence a total communication ban except for attorney/client communication, but nevertheless seeks amelioration in the form of monitored telephone and written mail communication with those in "his circle of trusted relationships," e.g., his foster father.[2] The Court acknowledges Defendant's general right to visitation and/or communication with family and friends. Defendant's conduct in this case, however, requires either modification or forfeiture of that right so the Court may obtain and ensure compliance with its orders.

Because of uncertainty over how LCDC processes and monitors written mail, the Court directed the Government to file a supplemental brief by March 1 outlining LCDC's operations and capabilities in this regard, which it timely filed. *See* ECF No. 74. In sum, it appears LCDC can effectively monitor incoming mail through the SmartJailMail System, both as to content and sender, to ensure Defendant does not receive communication from the minor. *Id.* at 2. The SmartJailMail System, however, is not used for outgoing mail, and while

---

[2] When quizzed about any other individuals who would fall into this category, defense counsel identified no other family members or close friends.

systems exist to monitor such communication for certain inmates upon request by prosecutors or investigators, the "system is not perfect and can result in items getting out of the jail that were not reviewed or copied." *Id.* at 3. In addition, it appears no viable means of effectively monitoring either incoming or outgoing telephone calls is available. Finally, the Government notes that LCDC can restrict access to certain features of the SmartJailMail System Tablet, e.g., email messaging, receiving photographs,[3] and on-demand video visitation, while Defendant can still use the tablet for internal processes such as submitting grievances, conducting legal research, and viewing his calendar. *Id.* In Defendant's response to the Government's supplement, he "takes no issue" with the factual recitations therein and asks the Court to not limit communication with his foster father, attorney, and pastor. ECF No. 77.

Based on the foregoing, the undersigned recommends that Defendant be allowed to continue to exchange written mail with his foster father only to the extent LCDC can and will review its content to ensure it complies with this Court's orders, i.e., it is not addressed or directed to or received from, and contains no direct or indirect communication with, the minor or her family. Because the evidence before the Court does not demonstrate that LCDC can enforce these limitations in regard to telephone calls with a reasonable degree of certainty, and because Defendant in the past has used family members to circumvent the Court's orders, the undersigned recommends that the phone bar be implemented in its entirety, except for communication between Defendant and his attorney or pastor. For these same reasons and subject to the same limitations, the undersigned recommends that the in-person visit bar be

---

[3] According to the Government's supplement, Defendant continues to communicate with underage females outside the facility (as young as age sixteen), some of whom have sent him photographs through the SmartJailMail System. ECF No. 74, at 3 & n.1.

implemented in its entirety. Finally, the undersigned recommends that Defendant be barred from using the SmartJailMail System Tablet for any purpose other than internal LCDC processes such as submitting grievances, conducting legal research, and viewing his calendar. LCDC should restrict and deny Defendant's access to any other features and functions of the SmartJailMail System Tablet, including but not limited to the email messaging system, on-demand video, and the ability to send/receive photographs.

The undersigned recognizes the severity of the proposed sanctions; however, Defendant has forfeited the right to communicate with anyone beyond those identified because of his flagrant, unremitting, and thus far successful efforts to circumvent this Court's authority. Absent verifiable assurances he cannot continue to do so, the Court has no alternative but to eliminate those avenues of contempt.[4]

### III. Recommendation

Based on the foregoing, the undersigned recommends that the United States District Judge impose the following restrictions, except as they may apply to Defendant's communications with his attorney or clergy: (1) bar Defendant from all access to the internet and SmartJailMail System Tablet for any purpose other than internal LCDC processes such as submitting grievances, conducting legal research, and viewing his calendar; (2) bar Defendant from making or receiving any phone calls; (3) bar Defendant from sending or receiving any written mail, except with his foster father to the extent LCDC can and will review its content to ensure it complies with this Court's orders; and (4) bar all in-person visits.

---

[4] The Government notes that LCDC has internal policies that restrict an inmate's access to phones and tablets when subjected to administrative discipline. *See* ECF No. 74, at 4. On this basis, the undersigned further recommends that should the district judge adopt these or similar sanctions, the order specifically provide that any disciplinary restrictions, if more restrictive than the sanctions imposed by the Court, remain in place, and that nothing in this Court's order would allow Defendant more access than he would otherwise have. *See id.*

## IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019); Fed. R. Crim. P. 59(a). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 4, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE